UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DORIS YVONNE WEAVILL,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>WACHOVIA MORTGAGE, FSB F.K.A WORLD SAVING BANK, organized and existing under laws of the United States, CALWESTERN RECONVEYANCE CORPORATION,<br><br>　　　　Defendants. | Case No: C 11-05541 SBA<br><br>**ORDER** |

　　　　On November 16, 2011, Plaintiff Doris Weavill ("Plaintiff") filed the instant action against Defendants, alleging three state law causes of action arising out of a foreclosure proceeding on her residence.  Compl., Dkt. 1.  On January 20, 2012, Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Southwest, N.A. formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, Fsb ("Defendant") filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Dkt. 9.  Defendant noticed its motion to dismiss for hearing on May 15, 2012.  Id.

　　　　Under Local Rule 7-3, Plaintiff's opposition or statement of non-opposition to the motion to dismiss was due no later than twenty-one (21) days before the hearing date, i.e., on or before April 24, 2012.  See Civ. L.R. 7-3(a).  This Court's Standing Orders specifically warn that "failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion."  Civil Standing Orders at 5, Dkt. 2.  Notwithstanding the requirements of Civil

Local Rule 7-3 and this Court's Standing Orders, Plaintiff did not file a response to Defendant's motion to dismiss.

On May 14, 2012, this Court issued an Order advising Plaintiff that the failure to file an opposition to a motion to dismiss in the manner prescribed by this Court's local rules is a proper ground for dismissal of this action.  Dkt. 14.  The Court specifically warned Plaintiff that the failure to file a response to the motion within seven (7) days from the date of the Order would result in dismissal of this action with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a Court Order.  To date, Plaintiff has not filed a response to Defendant's motion to dismiss.

An action may be dismissed under Rule 41(b) for failure to prosecute or to comply with a Court Order.  See Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a district court may dismiss an action pursuant to Rule 41(b) sua sponte for a plaintiff's failure to prosecute or comply with a court order); Ferdick v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).  The Ninth Circuit has held that the failure to file an opposition to a motion to dismiss in violation of a Court's local rules is a proper ground for granting the motion.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  Before dismissing an action for failure to follow a Court's local rules or for failure to prosecute or comply with a Court order, a Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.  See id.; Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

Having weighed the above-mentioned factors under the facts of this case, the Court finds that dismissal is warranted.  With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  This is particularly true in the instant case, where Plaintiff has had ample opportunity to prepare and file a response to Defendant's motion.

1
2
3
4
5
6
7
8
9
10
11
12

The second factor also militates in favor of dismissal.  See Pagtalunan, 291 F.3d at ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); Yourish, 191 F.3d at 990 (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").  Here, under Local Rule 7-3, Plaintiff was obligated to file her opposition to the motion to dismiss by no later than April 24, 2012.  In violation of that rule, she failed to do so.  Though the Court could have granted the motion as unopposed, the Court issued an Order affording Plaintiff additional time to file a response to the motion.  Plaintiff, however, failed to timely file a response as ordered.  Plaintiff's repeated failure to comport with the Court's filing requirements undermines the Court's ability to manage its docket.

13
14
15
16
17
18
19
20
21
22

The third factor, the risk of prejudice to the defendants, generally requires that "a defendant . . . establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."  Pagtalunan, 291 F.3d at 642.  At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting."  Id.  Here, Plaintiff has offered no "excuse" for her non-compliance, nor is any apparent from the record.  Since Defendant's filing of its motion over four months ago, the Court has not received any filings from Plaintiff.  In short, Plaintiff simply has failed to provide any reason for her failure to comply with the Court's Orders and none is apparent from the record.  These facts weigh strongly in favor of dismissal.  See Yourish, 191 F.3d at 991.

23
24
25

The fourth factor favoring disposition of cases on the merits, by definition, weighs against dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal").

26
27
28

Finally, the Court has considered less drastic alternatives to dismissal.  As noted, the Court previously could have dismissed this action based on Plaintiff's failure to oppose Defendant's motion to dismiss.  But instead of granting the motion at that time, the Court

- 3 -

1  afforded Plaintiff another opportunity to respond to the motion.  The Court, however,
2  expressly warned Plaintiff that it would dismiss this action if she failed to timely respond to
3  the motion.  "[A] district court's warning to a party that failure to obey the court's order will
4  result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement."
5  Ferdik, 963 F.2d at 1262; Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir.1994) ("We
6  conclude that because Brydges was warned of the consequence of his failure to respond to
7  the appellees' summary judgment motion, the district court did not err by deeming his
8  failure to respond a consent to the motion for summary judgment").

   In sum, the Court concludes that four of the five relevant factors weigh strongly in
favor of granting Defendant's unopposed motion and dismissing the action in its entirety.
Pagtalunan, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal,
while two factors weighed against dismissal).[1]

   Accordingly,

   IT IS HEREBY ORDERED THAT:

   1.   Defendant's motion to dismiss is GRANTED.  The instant action is
DISMISSED pursuant to Rule 41(b).

   2.   The Clerk shall close the file and terminate all pending matters.

   IT IS SO ORDERED.

Dated: 6/5/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

---

[1] Although Cal-Western Reconveyance Corporation did not join Defendant's motion, the Court notes that the relevant considerations under Rule 41(b), as set forth above, apply to the entirety of the action.

FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DORIS YVONNE WEAVILL,

   Plaintiff,

 v.

WACHOVIA MORTGAGE et al,

   Defendant.
_____/

                Case Number: CV11-05541 SBA

               **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 5, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Doris Yvonne Weavill
929 Guava Drive
Modesto, CA 95356

Dated: June 5, 2012
              Richard W. Wieking, Clerk

                 By: Lisa Clark, Deputy Clerk